

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2004

# Bajwa v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3598

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Bajwa v. Atty Gen USA" (2004). *2004 Decisions.* Paper 79.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/79

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 03-3598
_____

JATINDER SINGH BAJWA
Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
Respondent

_____

On Petition for Review of an Order of the Board of Immigration Appeals
A95-820-054

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2004

BEFORE:  AMBRO, VAN ANTWERPEN and STAPLETON, Circuit Judges

(Opinion Filed December 15, 2004)

_____

OPINION OF THE COURT

_____

STAPLETON, <u>Circuit Judge</u>:

Petitioner Jatinder Bajwa is a Punjabi speaking member of the Sikh faith from India. He sought asylum from alleged persecution on the basis of his religious beliefs, social grouping, and political activities. He also sought withholding of removal and relief under the Convention Against Torture. After four days of hearing, all relief was denied by the IJ. This decision was affirmed by the BIA.

Petitioner submitted evidence that he was arrested and beaten in India on three occasions, the first in 1997, the second on November 25, 2000, and the third on March 26, 2002. The IJ found based on substantial evidence that the first arrest was the result of a land dispute between petitioner, his father and his uncle and that the second arrest was the result of another property dispute. Accordingly, the IJ concluded that petitioner had failed to establish that these arrests and beatings occurred on account of one of the five enumerated grounds found in 8 U.S.C. § 1101(a)(42). We cannot fault this conclusion.

The IJ observed that the closest petitioner came to establishing persecution on an enumerated ground – political opinion – was his testimony concerning the third arrest. Petitioner testified that he was arrested by police because of his membership in Akali Dal Mann, a Sikh separatist organization, and that party pamphlets were taken from him. However, the IJ did not credit this testimony and noted that there was no corroborating evidence of any arrest or injury in 2002, despite the fact that the record with respect to the first two arrests demonstrated that such corroboration was readily available. The record

2

does not compel a conclusion contrary to that reached here by the IJ.

The IJ ultimately concluded as follows:

> In all the Court finds little evidence to suggest that the government or anyone in India has the inclination to persecute the respondent on account of any of the grounds enumerated in the Act. The respondent has not sustained his burden of proof in establishing past persecution, nor a well-founded fear of persecution on account of his political opinion or membership in a particular social group, that being a member of the Sikh community.
>
> In conclusion this Court finds that the respondent has not established that he suffered persecution, nor has he demonstrated a well-founded fear of persecution on account of one of the five protected grounds. That being the case the respondent has failed to meet his burden of proof and persuasion. In addition, this Court must necessarily deny the respondent's request for withholding of removal and relief pursuant to the Convention Against Torture, which require a more stringent evidentiary burden.

App. at 48-49.

These conclusions are supported by substantial evidence and are legally sound.

Accordingly, we will deny the petition for review.

3